IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG TSE,

    Plaintiff,

  v.

EBAY INC., *et al.*,

    Defendants.

                                            /

No. C 11-01812 WHA

**ORDER DENYING MOTION TO SET DEADLINE**

Plaintiff, who is proceeding *pro se* following the transfer of this patent action from the Eastern District of Texas, moves "to set a deadline for fulfilling Patent L.R. 4.1." Plaintiff construes the Patent Local Rules of this district as being similar to those of the Texas court and argues that the deadlines imposed by the Texas court survived the venue transfer. Because the Texas deadline for invalidity contentions — a date that came *after* both the order and execution of the venue transfer — already has passed, Plaintiff concludes that defendants' invalidity contentions are overdue. Plaintiff therefore requests that defendants' invalidity contentions be deemed late and that new deadlines be set for the service and justification of untimely invalidity contentions (Dkt. No. 84).

Plaintiff is jumping the gun. As of the February 15 order transferring the case to this district, the Patent Local Rules of the Eastern District of Texas and the deadlines imposed by that court were no longer controlling. *E.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-03724 JW, Dkt. No. 475 at 4 (N.D. Cal. Dec. 21, 2010) (Ware, J.). A new schedule for

this action will be set at the July 28 case management conference. In the meantime, the parties should conduct a Rule 26 planning conference and should respond to the May 9 order regarding the possible misjoinder of defendants. Deadlines under Patent L.R. 4.1 will be addressed in due course. Plaintiff's motion is **DENIED**.

Plaintiff also recently filed a "Notification of Defendant Ubid, Inc. Is Existing." Plaintiff explains that the Texas court permitted counsel for defendant Ubid to withdraw on the basis that the Ubid corporate entity had been dissolved. Based on plaintiff's independent research, however, plaintiff believes that Ubid still exists. As proof, plaintiff submitted a certificate issued by the Illinois Secretary of State on May 4, 2011, stating that the corporation Ubid, Inc. was in good standing in the state of Illinois. Plaintiff therefore "suggests the Court to summons them [the Ubid attorneys] for an explanation" (Dkt. No. 81).

Plaintiff's "notification" is not a motion. Although it "suggests" that the Court follow up on the information disclosed, it does not request relief. Accordingly, no further action will be taken on the notification. If plaintiff seeks specific relief from the Court regarding the matters raised therein, then plaintiff should file a proper motion in proper form.

**IT IS SO ORDERED.**

Dated: May 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE