IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG, TSE,

    Plaintiff,

  v.

EBAY, INC.,

    Defendant.

No. C 11-01812 WHA

**ORDER DISMISSING ALL DEFENDANTS EXCEPT EBAY, INC. FOR MISJOINDER UNDER FRCP 21**

Plaintiff Ho Keung, TSE named four defendants in this patent-infringement action, accusing each defendant of infringing the same patent claim. Defendants are unrelated companies that operate unrelated websites. Significantly, the compliant contains no allegations that any defendants acted in concert to infringe plaintiff's asserted patent. They share no common transaction or occurrence.

As set forth in FRCP 20(a)(2), multiple defendants may be joined together in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In situations of misjoinder and nonjoinder of parties, FRCP 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims."

*Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means that a party "must assert rights . . . that arise from *related activities* — a transaction or an occurrence or a series thereof." *Ibid*.

As stated, the complaint contains no allegations that defendants have engaged in related activities or have otherwise acted in concert. As such, proof of infringement necessarily would require proof of facts specific to each individual defendant and to each accused website. The mere fact that the four defendants all operate websites with identity verification functionality does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each website. Indeed, in responding to the order to show cause regarding possible misjoinder, plaintiff admits that while the accused website servers perform similar functions, they do so "of course with a different web-page layout and design and also inevitably with different software programming" (Dkt. No. 102 at 4). Such factual differences among the accused websites will require separate discovery, evidence, and proof. Plaintiff purports to have identified a common method of proof by describing alleged similarities among the features of the accused websites. This assertion is undermined by the admitted differences in the software programming and other aspects of the implementation of those features on the different websites. Again, the complaint contains no conspiracy claim, nor any allegation that one defendant induced another to infringe. Each defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience.

In this connection, the accused defendants — who will surely have competing interests and strategies — also are entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction. *Cf. Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1326 (Fed. Cir. 2008) ("[W]e have explicitly held that a determination of patent infringement in an infringement suit, or even an explicit determination of patent validity, does not preclude the assertion of an invalidity defense in a second action involving different products."); *Texas Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 586 (E.D. Tex. 2002) (recognizing that "defendants in a later proceeding involving previously construed patents should

have the opportunity to brief and argue the issue of claim construction, notwithstanding any policy in favor of judicial uniformity").

Plaintiff advances three arguments why joinder is proper, but none is availing. *First*, plaintiff argues that unresolved "local law issues" affecting all three remaining defendants create commonality (Dkt. No. 102 at 1–3). This argument is based on plaintiff's motion to set a deadline for service of non-infringement contentions, which has been resolved (Dkt. No. 99). Accordingly, it is moot.

*Second*, plaintiff asserts that "the identity verification processes of the defendants are identical" (Dkt. No. 102 at 3–6). As explained, plaintiff's observations concerning alleged similarities in the functionalities of the accused websites do not establish a common method of proof. Plaintiff does not provide any support for the conclusion that the websites use "identical" processes, and in fact plaintiff admits that the relevant functions are implemented through different software and design (*id.* at 4).

*Third*, plaintiff alleges that a recently-discovered website, "eBay at AOL," evidences cooperation between two defendants (*id.* at 3). This website is not mentioned in the complaint, and plaintiff provides no support for relying on it now. Moreover, the website was discontinued in 2010 (Nayar Decl. ¶¶ 6–7). The asserted patent claim has been amended in a reexamination proceeding which is still pending, and no reexamination certificate has yet been issued. *See* USPTO Trans. Hist., control no. 90/008,772). Because it has been amended during the reexamination, the asserted claim "can not be enforced against infringing activity that occurred before issuance of the reexamination certificate." *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Accordingly, the asserted claim cannot be enforced against the "eBay at AOL" website. That website will not be relevant to this action.

Plaintiff cannot escape the fact that it is suing unrelated defendants for their own independent acts of patent infringement. In such situations, numerous courts have found that joinder is improper. *See, e.g.*, *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Androphy v. Smith & Nephew, Inc.*,

3

31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that the joinder of three manufacturers in a patent infringement suit was improper because the claims did not arise from a common transaction or occurrence when the manufacturers were separate companies that independently designed, manufactured, and sold different products); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) (holding in a patent infringement suit that "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant").

The infringement issues will vary from defendant to defendant because, as plaintiff admits, the accused websites implement different functionalities, through different software, that works in different ways. Additionally, the damages issues, wilfulness issues, time frames, accused conduct, and discovery issues will obviously vary from company to company. Finally, while a common defense such as inequitable conduct may arise, FRCP 20(a)(2)(A) does not encompass defenses asserted against a plaintiff. Only a "right to relief" asserted *by the plaintiff* can satisfy the requirements for joining defendants under FRCP 20(a)(2)(A).

It is true that plaintiff asserts the same patent claim against all defendants. At most, this means that *some* claim construction issues will overlap. While it would be nice to have an identical set of elaborations on the asserted claims for each accused infringer, even that may not be practical, for the differences in the websites themselves will provoke differences in which words and slants in the claim language really matter. These differences will lead one defendant to focus entirely upon the meaning of certain words or phrases in the claim and another defendant to focus entirely on different words or phrases even though they are in the same claim. In other words, the claim-construction work likely will not be the same for all defendants, even though they are facing trial on the same patent claim. The claim-construction work must be adapted to the actual issues being litigated over the varying accused acts. In short, whatever common issues may exist from website to website will be overwhelmed by the individual issues of claim construction, damages, wilfulness, and discovery supervision.

Given the disparity in defendants, websites, and other disparate issues discussed herein like damages, wilfulness, and discovery supervision, it is worth adding that the allegations against

4

each defendant would *not* be related under our civil local rules even if brought here as separate actions. *See* Civil L.R. 3-12(a)(2). If, however, the actions are re-filed in this district, the undersigned judge would be willing to coordinate certain claim construction issues (and those issues only) if the parties so stipulate, the assigned judge(s) consent, and the parties make a showing that the same phrases in the same claim require interpretation.

For the foregoing reasons, pursuant to a finding of misjoinder under FRCP 21, all remaining defendants except Ebay, Inc. are **DISMISSED**. This dismissal is without prejudice to the claims being re-filed as separate actions against the different defendants. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: June 2, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE