IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO KEUNG TSE, | No. C 11-01812 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO STAY, VACATING HEARING, AND RE-SETTING CASE MANAGEMENT CONFERENCE** |
| EBAY, INC., | |
| Defendant. | |

## INTRODUCTION

Defendant moves to stay this patent infringement action pending final disposition of the reexamination of certain patent claims. For the following reasons, defendant's motion is **GRANTED**.

## STATEMENT

In August 2005, plaintiff Ho Keung Tse filed a complaint in the District of Maryland accusing five defendants not party to this action of infringing various claims, including claim 21, of United States patent number 6,665,797. That action was transferred to this district in October 2006 and was assigned to Judge Saundra Brown Armstrong. In July 2007, the defendants in that action filed an ex parte request for reexamination of the '797 patent with the United States Patent and Trademark Office, and they moved to stay the district court action pending the outcome of the reexamination. Judge Armstrong granted the motion to stay in October 2007 (Case No. C 06-06573 SBA, Dkt. No. 78).

During the reexamination proceedings, plaintiff amended claim 21 of the patent in response to a prior art rejection. The amendment added two new limitations. *See* USPTO App. No. 90/008,772, Amd. Appeal Brief at 98 (Mar. 21, 2010). In July 2009, the USPTO submitted a final rejection of claims 1–5, 11–12, 14–15, 18–19, and 21–27. The Board of Patent Appeals and Interferences affirmed the rejection in part, but reversed the rejection of amended claim 21. *See id.* at BPAI Decision - Affirmance-in-part, at 32 (Jan. 11, 2011). Plaintiff appealed the BPAI's affirmance of the USPTO's rejection of some claims to the Court of Appeals for the Federal Circuit on July 25, 2011, one day before defendant filed the instant motion. *See id.* at Appeal to CAFC (July 25, 2011). No reexamination certificate has been issued.

Plaintiff, proceeding *pro se*, filed the present action in the Eastern District of Texas in December 2009. The complaint accused four new defendants of infringing the '797 patent, and in February 2011 plaintiff narrowed his infringement case to include only claim 21. The next day, defendant eBay, Inc.'s motion to transfer the action to this district was granted. Four days after the transfer, plaintiff was ordered to show cause why all but the first-named defendant, eBay, should not be dismissed for misjoinder. In June 2011, all defendants except eBay were dismissed for misjoinder (Dkt. Nos. 1, 60, 78, 112).

Defendant eBay now moves to stay this action pending the final outcome of the reexamination proceedings currently on appeal. Plaintiff, now represented by counsel, opposes the motion.

**ANALYSIS**

1. **LEGAL STANDARDS.**

    A. **Motion to Stay.**

The decision to stay a patent infringement action pending resolution of a reexamination by the USPTO is within the discretion of the district court. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). A stay pending reexamination is justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity

2

and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).

In determining whether to stay an action pending resolution of a reexamination, district courts consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *E.g.*, *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (Wilken, J.). On the present record, these factors favor a stay.

### B. The Reexamination Certificate and Absolute Intervening Rights.

Pursuant to 35 U.S.C. 307(a), during an ex parte reexamination proceeding,

> when the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.

Thus, any appeal of a USPTO or BPAI decision must be either abandoned or decided before the reexamination certificate will issue. Relatedly, the Court of Appeals for the Federal Circuit explained the doctrine of absolute intervening rights, as embodied in Section 307(b), in *Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1304–05 (Fed. Cir. 2008). The court held:

> Under 35 U.S.C. § 307, a claim that is amended in reexamination has the same effect as a claim that is amended in reissue proceedings under 35 U.S.C. § 252. Correspondingly, under 35 U.S.C. § 252, a reissued patent is enforceable against infringing activity that occurred after the issuance of the original patent, "to the extent that its claims are substantially identical" to the claims of the original patent. Thus, "*[u]nless a claim granted or confirmed upon reexamination is identical to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate*."

*Ibid.* (citing *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997)) (citations omitted) (emphasis added). Thus, for claims that are not identical to an original claim, a reexamination certificate must issue before the claims may be enforced, and then they may be

3

enforced only against *subsequent* infringing activity. The alleged infringer has "absolute rights" to continue its accused activities during the "intervening" time between substantive amendment of a claim during reexamination and issuance of the reexamination certificate.

### 2. STATUS OF DISCOVERY AND CASE DEVELOPMENT.

This action is in its early stages. No trial date or procedural schedule has yet been set. Discovery is not complete, and indeed, has barely begun. Plaintiff served defendant with two sets of interrogatories and requests for production in July. Contrary to plaintiff's contention that defendant has not responded to his discovery requests, defendant responded, at least to plaintiff's first set of requests for admission, with objections and denials, *as shown in plaintiff's own submission* (Tse Exh. 5). Plaintiff served his disclosure of asserted claims and infringement contentions under Patent Local Rules 3-1 and 3-2 on June 26 (Tse Exh. 6 at 4). Defendant responded, asserting that plaintiff's disclosures failed to meet the requirements of Patent Local Rules 3-1 and 3-2 (DeBruine Exh. B). Neither side has filed any discovery dispute or dispositive motion.

Plaintiff contends that defendant's alleged failure to comply with the Patent Local Rules of the Eastern District of Texas should now prevent, or at least hamper, defendant's motion to stay the action (Opp. 4). This Court already has ruled that the Patent Local Rules of the Eastern District of Texas have no bearing on the proceedings in this district (Dkt. No. 99), and plaintiff was advised a second time that those rules are inapplicable (Dkt. No. 112). Plaintiff may not raise this issue again. Regardless of *why* discovery has not progressed significantly, it nonetheless has not, nor has a procedural schedule been set. This factor favors granting a stay.

### 3. SIMPLIFICATION OF ISSUES AND TRIAL.

Claim 21 of the '797 patent — the only claim asserted in this action — is not presently in effect. The original version of the claim has been cancelled, and the amended version of the claim has not yet issued. Unless and until a reexamination certificate issues, there is no claim 21. In the meantime, there is no way to determine whether the claim will issue, and if so, when it will issue and in what form. Furthermore, other claims of the '797 patent are still under review, meaning that the prosecution history of the patent is still being developed. If any claims are

4

amended, before or after the court disposes of the appeal, claim construction proceedings will likely be different as a result, and this action will be shaped by the richer prosecution history available to inform the claim construction process. *See Gould*, 705 F.2d at 1342.

Moreover, eBay cannot be held liable for any infringement taking place before a reexamination certificate issues, which will not happen until the appeals process concludes. *See Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250–51 (Fed. Cir. 1997); *see also* Order of June 2, 2011, Dkt. No. 112, at 3 ("Because [claim 21] has been amended during the reexamination, the asserted claim 'cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate.'") (citing *Bloom*, 129 F.3d at 1250). In light of the uncertainty as to what accused products might exist and what claim 21 might mean after the appeal is resolved, attempting to litigate this action now would be futile.

Plaintiff offers three arguments why a stay would not simplify the issues in this action. None is compelling. *First*, plaintiff argues that because he seeks injunctive relief, the action must proceed to determine the scope of a potential future injunction, "dependent upon the current and past infringement activities" (Opp. 4–5). This argument misconstrues the basis for framing injunctive relief. As stated, there is no infringement and therefore no remedy to be considered until a reexamination certificate issues.

*Second*, plaintiff argues that claim 21 was not substantially amended during reexamination and thus does not give rise to the absolute intervening rights that eliminate the possibility of infringement before reexamination concludes (*id.* at 5). "Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate. 'Identical' does not mean verbatim, but means at most without substantive change." *Bloom*, 129 F.3d at 1250. In order to avoid the doctrine of absolute intervening rights, "the scope of the claims must be the same" after they are amended. *Ibid.* Here, plaintiff's amendment of claim 21 *added two new limitations*, narrowing the claim. Thus, the doctrine of absolute intervening rights applies and plaintiff may not recover damages for infringement occurring before the reexamination certificate is issued. Indeed, this Court already found that plaintiff's amendment of claim 21 was significant

5

enough to trigger the doctrine of absolute intervening rights (Dkt. No. 112 at 3). The issue has been decided, and good cause for reconsideration has not been shown.

*Third*, plaintiff emphasizes that claim 21 is not among those on appeal. True, claim 21 may not be in as imminent danger of cancellation as some of the other claims of the '797 patent. But the fact remains that claim 21 will not issue until the appeal is resolved, and the proceedings on appeal will inform any later construction of the patent claims.

### 4. IMPACT ON NONMOVING PARTY.

A stay would not unduly prejudice or present a clear tactical disadvantage to plaintiff. As discussed above, plaintiff cannot recover for infringement until the reexamination certificate is issued. There is no chance that relevant, currently-existing evidence will be lost. Plaintiff will not be delayed in seeking damages from or an injunction against defendant because compensable infringement cannot possibly occur before the reexamination certificate is issued. Plaintiff's arguments to the contrary presuppose that he is entitled to damages or an injunction prior to issuance of the certificate. He is not. This factor favors a stay.

\*           \*           \*

Plaintiff's present procedural problem is largely of his own creation. He chose to appeal the partial affirmance of the BPAI's cancellation of some of the claims in the patent. This order makes no comment on the merits of that appeal, but notes that it had the direct effect of preventing the issuance of the all-important reexamination certificate. Plaintiff should not now be permitted to proceed to sue on a claim that does not yet officially exist.

## CONCLUSION

For the foregoing reasons, defendant's motion to stay the action pending final disposition of the reexamination proceedings is **GRANTED**. The entire action is hereby **STAYED** pending issuance of the reexamination certificate for the '797 patent. The motion hearing previously set for September 1, 2011, is **VACATED**. The case management conference previously set for September 1, 2011, is hereby **VACATED** and moved to **MARCH 1, 2012, AT 11:00 A.M.**. The

parties shall file a joint status report **TEN DAYS** before the case management conference, or within **TEN DAYS** after the issuance of the reexamination certificate, whichever is earlier.

**IT IS SO ORDERED.**

Dated: August 12, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE