IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG TSE,

    Plaintiff,

  v.

EBAY, INC.,

    Defendant.

                                /

No. C 11-01812 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW ATTORNEY**

At the case management conference on July 28, 2011, attorney Deborah Barron made an appearance for plaintiff, who previously had been proceeding *pro se*. Attorney Barron was advised that she was "in the case for good now" and that "[o]nce you're in . . . it's very hard to get out." She responded, "I'm in for life, unless I die" (Dkt. No. 129 at 6).

On August 16 — less than three weeks later — plaintiff filed a "pro se" motion for withdrawal of Attorney Barron. Plaintiff states that "recently I found Ms. Deborah Barron was not performing her attorney duty properly and has to dismissed her" [*sic*]. Plaintiff recounts that Attorney Barron's assistant deleted quotations marks around certain sentences in a draft opposition brief plaintiff provided, and then filed a version of the brief with the quotation marks reinserted only at his insistence. Plaintiff complains that Attorney Barron "attempted to delete all Plaintiff's quotes" for no reason, and that she failed to defend the quotations against objections by opposition counsel, advising him instead to withdraw the brief, file a corrected brief, or inform the Court that the brief contained fabricated statements (Dkt. No. 138).

A motion to withdraw as counsel of record must be filed by the attorney seeking leave to withdraw, not by his or her client. As plaintiff was advised in the order denying his improper "pro se" motion for leave to file a motion for reconsideration, when a party is represented by an attorney, only the attorney may speak and make filings for the party. Plaintiff may not make any more "pro se" filings while he is represented by counsel. Any such filings made in the future will be stricken (*see* Dkt. No. 137).

Because plaintiff's "pro se" motion for withdrawal of his attorney was procedurally improper, the motion is **DENIED**. This denial is without prejudice to Attorney Barron filing a proper motion for leave to withdraw in conformity with the local rules if she believes such a motion is warranted. This order, however, does not comment on whether the circumstances described in plaintiff's motion constitute good cause for withdrawal.

If plaintiff is dissatisfied with Attorney Barron, he should discuss her work with her. If plaintiff concludes that he no longer wishes to be represented by Attorney Barron, then he should formally discharge her services and request that she file a motion for leave to withdraw as counsel of record. Plaintiff is advised, however, that if he opts to proceed without a lawyer, he will be required to appear personally at every hearing in this action. Because plaintiff chose to sue in the United States, the inconvenience of litigating this action from his home in Hong Kong will not be an excuse for failure to attend hearings. Plaintiff also will not be allowed to appear by telephone at any hearing in this action (*see* Dkt. No. 115).

**IT IS SO ORDERED.**

Dated: August 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2