IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG TSE,

    Plaintiff,

  v.

EBAY INC.,

    Defendant.

No. C 11-01812 WHA

**ORDER DISMISSING CASE**

## INTRODUCTION

On August 12, 2011, plaintiff was ordered to show cause why this patent infringement action should not be dismissed without prejudice to refiling after final determination of the validity of the asserted patent and issuance of a reexamination certificate. Plaintiff's written response was due on August 24, 2011, but none was filed (Dkt. No. 134). Having considered the relevant law and facts, this order dismisses the action.

## STATEMENT

The full history of this action and its related proceedings is set forth in the order granting defendant's motion to stay the action (Dkt. No. 133). Only claim 21 of United States patent number 6,665,797 is asserted in this action.[*] A reexamination of the '797 patent was initiated in July 2007 by defendants in a different district court action, and in July 2009, the United States Patent and Trademark Office issued a final rejection of several claims, including claim 21.

---

[*] Plaintiff originally asserted five claims of the '797 patent in this action, but in February 2011 he narrowed his infringement case to include only claim 21 (Dkt. No. 53).

**United States District Court**
For the Northern District of California

Plaintiff then filed the instant action in December 2009 — *at a time when claim 21 of the '797 patent did not officially exist*.

Plaintiff appealed the USPTO rejections, and he amended claim 21 in March 2010, during the appeal process. The Board of Patent Appeals and Interferences reversed the rejection as to amended claim 21, but affirmed the rejection of other claims. Plaintiff then appealed the BPAI decision to the Court of Appeals for the Federal Circuit; that appeal remains pending (*see* Dkt. No. 133).

No reexamination certificate has been issued for the '797 patent. Thus, the original version of claim 21 has been cancelled, but the amended version has not yet issued. There is no claim 21 at this time, and there is no guarantee that a reexamination certificate eventually will issue with the an amended version of claim 21 in its current form.

## ANALYSIS

United States courts may adjudicate only actual cases or controversies. U.S. CONST. art. III, § 2, cl. 1; *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). The absence of an actual case or controversy is a jurisdictional defect that cannot be cured by later developments. In the patent context, infringement allegations are not sufficient to crate a case or controversy unless they are made "with respect to a patent that has issued before a complaint is filed." *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482–83 (Fed. Cir. 1996).

Here, there was no claim 21 of the '797 patent at the time the complaint was filed, and there still is no claim 21. The original claim 21 was cancelled in July 2009 — five months before this action was filed — and the amended version of claim 21 has not yet issued, as plaintiff's appeals have prevented completion of the reexamination process and issuance of a reexamination certificate. Plaintiff's infringement allegations are not based on any existing patent claim or any patent claim that existed when the complaint was filed. As such, there is no case or controversy over which jurisdiction can be exercised.

**CONCLUSION**

This action is hereby **DISMISSED** without prejudice to refiling after final determination of the validity of the claims of United States patent number 6,665,797 and issuance of a reexamination certificate. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: August 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE